## TAYLOR *v.* CITY OF JACKSON.

1. HIGHWAYS AND STREETS — DEFECTIVE HIGHWAYS — PERSONAL
   INJURIES—CONTRIBUTORY NEGLIGENCE — INSUFFICIENT SIGNALS.
   Plaintiff, driving in the night-time upon a street upon a part
   of which he knew a sewer was in process of construction, was
   not guilty of contributory negligence, as a matter of law, in
   relying upon the red lights along the excavation as locating
   the place of danger, and driving upon a pile of earth 50 feet
   from the nearest light, but the question was one for the jury.

2. SAVING QUESTIONS FOR REVIEW— EVIDENCE — GENERAL OBJEC-
   TION—SUFFICIENCY.
   An objection that plaintiff in a personal injury case should not
   have been permitted to testify to expressions and feelings of
   pain experienced while undergoing an examination at the
   hands of defendant's physicians will not be considered by
   this court where the only objection made below was that the
   testimony was incompetent and immaterial.

3. EVIDENCE—DOCUMENTS—OFFICIAL REPORTS—ADMISSIBILITY.
   In an action against a city for personal injuries caused by the
   absence of a signal light from an obstruction in a street, a
   record kept by the police department as to lights not burning
   is not admissible for the purpose of showing that the light
   was not reported as not burning on the night in question, it
   appearing that the record was made up of reports received
   by telephone and otherwise from citizens, officers, and others,
   which were in no sense official.

Error to Jackson; Parkinson, J.  Submitted April 16,
1907.  (Docket No. 92.)  Decided March 31, 1908.

Case by Alfred Taylor against the city of Jackson for
personal injuries.  There was judgment for plaintiff, and
defendant brings error.  Affirmed.

*John F. Henigan*, for appellant.

*Richard Price*, for appellee.

McALVAY, J.  Plaintiff recovered a judgment against

defendant for personal injuries caused by the claimed negligent conduct of defendant's servants in excavating a sewer, and so leaving the earth from such excavation piled in the public highway without proper lights and barriers that plaintiff drove upon the pile of earth and was thrown from his buggy and injured. The facts disclosed by the record are that on Tuesday evening, August 9, 1904, plaintiff, whose business is that of a barber, with his son, was going from his shop to his home, riding along the streets of the city of Jackson, in a single, open buggy drawn by one horse. At that time the city was putting in a sewer on Harris street to connect with a sewer already built in Trail street. Harris street is a short street extending from Hamlin street north two blocks to Ganson street. Trail street is about midway between the two streets last named. Trail street runs east and west going no farther east than Harris street. The sewer in course of construction extended from the manhole at the intersection of Trail and Harris streets north in Harris street to Ganson street. It was dug a little to the west of the center of the street and the earth was all thrown to the east of the ditch. On the evening in question, plaintiff, driving east on Hamlin street, came into Harris street and turned north, keeping on the east side of the street. He saw a line of red lights as they turned into this street. He drove along, the horse walking, and suddenly, the buggy, having run into a pile of earth, went over, throwing them out. The horse went down, breaking the buggy thills and straps. Plaintiff claims that he was seriously and permanently injured. The electric light at this point was not lighted, and plaintiff says that it was very dark.

Defendant, claiming that from the testimony of plaintiff the record showed that he was guilty of contributory negligence as a matter of law, at the close of the plaintiff's case, requested the court to instruct a verdict in its favor. This was denied, as was also a request to charge the jury to the same effect. These are the principal errors assigned by defendant. Other errors assigned upon the

charge of the court and refusal to give certain requests, and upon the admission of evidence are also urged.

The record shows that plaintiff was acquainted with this location. He had driven along Harris street on Friday and Saturday preceding the Tuesday when the accident occurred. He saw the sewer work that was being done along Harris street north from the junction of Trail street and saw part of the dirt that was thrown out of the ditch. He knew the dirt was being thrown out on the east side at the place where the accident occurred.

He testified that he saw red lights when they turned into the street from Hamlin street. He knew that red lights meant danger. He said, "there were enough lights so that a man wouldn't run into that sewer when he got beyond the crossing."

This crossing referred to was the north walk across Hamlin street where Trail street comes into it. The manhole, situated where the center line of both these streets intersected, was at the extreme south end of this sewer. It was 26 feet south of this cross-walk plaintiff refers to, and the place where he ran his wheel upon the pile of earth was about 15 feet south of this cross-walk.

Plaintiff testified that the earth pile extended south beyond the manhole, and that there were no lights at the end of the pile and none near it which he could see; that the lights near the south end at the crossing were obscured from his view by the earth pile, five or six feet high, and they could not be seen by him as he approached; that the nearest one he saw was 25 or 30 feet north of the crossing. This testimony tended to show that there were no lights he could see nearer than about 60 feet from the south end of the earth pile. It was contradicted by other testimony in the case, but the weight to be given to it was a matter for the consideration of the jury. The fact that it appears that plaintiff was acquainted with the location, and knew that the work was being done, and his testimony that he knew the red lights were danger signals, is all urged as conclusive of his contributory negligence. He testified:

"*Q.* What did you think the red lights signified ?

"*A.* I knew there was danger up there. I didn't know there was any danger at the south end of the sewer.

"*Q.* Well, if it was so that you could drive right along the side, you come right to the red light ?

"*A.* Yes, sir.

"*Q.* You didn't think there was any need of taking precaution at all until you came right up to where the lights were?

"*A.* Most assuredly not, why should I ? I supposed the light was so that people were cautioned. If I had been cautioned by the red light I would not have been dumped."

The inference that might properly be drawn from this testimony is that reliance was placed upon the red light as locating the place of danger. Plaintiff was approaching the vicinity of the nearest light he could see. We cannot say that as a matter of law he was guilty of contributory negligence in running his buggy wheel upon an earth pile 50 feet from that light. We are satisfied that this was a question for the jury, and the court was not in error in so holding.

Defendant claims that the court erred in permitting plaintiff to testify relative to what occurred at an examination by physicians for the city for the purpose of testifying in the case. The following is the testimony and objection:

"*Mr. Henigan:* I object to what the doctor said or claimed.

"*Mr. Price:* Well, why ?

"*The Court:* The witness says that they were chosen by the city to examine him. I think you may take the answer.

"*Q.* Go on and tell what they did there.

"*A.* Dr. Robinson pinched me on both arms, upon my shoulder here and this one, he says, ' Do you feel that, Mr. Taylor ?' 'Yes,' I said, ' I feel it, first right and the left—'

"*Mr. Henigan:* Enter an exception to that testimony as incompetent and immaterial."

Witness, continuing, testified as to what occurred, stating that one of the doctors handled him roughly, and hurt him so that he flinched.

The claim is that the court erred in permitting plaintiff to testify as to expressions of pain and feelings of pain at an examination of this kind. The only objection made is given above. When asked by plaintiff's attorney the reason for the objection, the city attorney gave none, but asked for an exception to the testimony as incompetent and immaterial. He made no objection for the reason now relied upon. The testimony claimed to come within this objection followed soon after, but no further objection was made when the question was asked which brought it out. The city attorney should have called the attention of the court to the specific ground for his objection. The rule is well established and is one which is fair to the trial court and opposing counsel. We indicate no opinion upon the question whether in this case the testimony comes within the rule invoked.

Error is assigned because the court refused to admit in evidence a record kept by the police department as to lights not burning, for the purpose of showing that this light was not reported on the night in question. An examination of the witness disclosed that anybody reported or telephoned to the office relative to city lights not burning. These records were made up of such reports and also from the statements of citizens and reports of police officers. They were not in any sense official reports and were properly excluded.

The other assignments of error discussed by defendant relate to refusals to give certain requests to charge. The court properly modified some of these requests and in his main charge correctly stated the law to the jury upon the questions covered by those which were refused. We do not consider it necessary or of sufficient importance to consider these assignments at length. No error was committed by the court in his treatment of these requests.

The judgment of the circuit court is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.